Received 6/2/14 [illegible]
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 29 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDERSON RENE,

                              Petitioner,

    -against-

ERIC H. HOLDER,

                              Respondent.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

14 CV 3170 (KAM)

MATSUMOTO, United States District Judge:

    Petitioner Anderson Rene, appearing *pro se* and currently detained at the Etowah Detention Center in Alabama, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his immigration detention. See generally Pet., ECF No. 1. Petitioner states that the Immigration Judge entered a removal order on July 8, 2013. Id. ¶¶ 4, 6; see also id. Ex. A. He further states that the Board of Immigration Appeals affirmed the decision on December 5, 2013. Id. Petitioner's appeal to the United States Court of Appeals for the Second Circuit is currently pending. Id. ¶ 10. Petitioner paid the filing fee to commence this action. The petition is dismissed as set forth below.

    The REAL ID Act, enacted May 11, 2005, amended federal law to provide that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]" 8 U.S.C. § 1252(a)(5); see also Marquez-Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005) (finding that "8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal" in district courts). This bar also applies to indirect challenges to the order of removal. See Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (*per curiam*) (holding that district court did not have jurisdiction over indirect challenges to a removal order, including the

denial of an I-212 application).

Because petitioner filed this petition challenging his order of removal after the enactment of the REAL ID Act, the district court lacks jurisdiction over this petition. Accordingly, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging an order of removal, is dismissed for lack of jurisdiction. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Kiyo A. Matsumoto
_____
Kiyo A. Matsumoto
United States District Judge

Dated: May 29, 2014
Brooklyn, New York