UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDERSON RENE,

                       Petitioner,        **MEMORANDUM AND ORDER**

    -against-

                                             14 CV 3170 (KAM)

ERIC H. HOLDER,

                       Respondent.
-----------------------------------------------------------------X
MATSUMOTO, United States District Judge:

        On May 19, 2014, petitioner Anderson Rene, appearing *pro se* and currently detained at the Etowah Detention Center in Alabama, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his immigration detention and order of removal. *See generally* Pet., ECF No. 1. On June 2, 2014, the undersigned denied Mr. Rene's petition. Mem. & Order, ECF No. 4. Presently before the court is Mr. Rene's motion for reconsideration of the denial of his habeas petition. ECF No. 6.

        Reconsideration of a previous order "is within the sound discretion of the district court, . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mangino v. Inc. Village of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked — matters, in other words, that may reasonably be expected to alter the conclusion reached by the district court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). However, motions for reconsideration "may not be used to advance new facts, issues or arguments not previously

presented to the Court, nor may [they] be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257).

The court previously denied Mr. Rene's habeas petition because the REAL ID Act, which was enacted in 2005, prohibits habeas corpus review of challenges to orders of removal. *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal"); *see also Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 215 (2d Cir. 2005) (finding that "8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal" in district courts).

Mr. Rene's motion for reconsideration does not present any facts or law overlooked by the court in determining that his petition was barred by the REAL ID Act. Accordingly, the motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to mail a copy of this order to the petitioner at the address listed on the docket sheet.

SO ORDERED.

/S/ Judge Kiyo A. Matsumoto

Kiyo A. Matsumoto
United States District Judge

Dated: July 10, 2014
       Brooklyn, New York